NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 9 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| REYNA FELVIRA CALMO-AGUILAR, | No. 20-71398 |
| Petitioner, | Agency No. A209-400-308 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued April 15, 2022
Submission Withdrawn April 19, 2022
Resubmitted February 9, 2023
Pasadena, California

Before: SMITH,** BADE, and LEE, Circuit Judges.

Reyna Felvira Calmo-Aguilar, a lesbian woman and native and citizen of

Guatemala, petitions for review of the order of the Board of Immigration Appeals

(BIA) dismissing her appeal from a decision of the Immigration Judge (IJ) denying

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable D. Brooks Smith, United States Circuit Judge for the U.S. Court of Appeals for the Third Circuit, sitting by designation.

her application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252. "We review the denial of asylum, withholding of removal and CAT claims for substantial evidence." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). "Under this standard, we must uphold the agency determination unless the evidence compels a contrary conclusion." *Id.* We grant the petition and remand for further proceedings.

1. "To demonstrate entitlement to asylum or withholding of removal on the basis of past persecution," *Doe v. Holder*, 736 F.3d 871, 877 (9th Cir. 2013), an applicant has the burden of establishing "(1) an incident, or incidents, that rise to the level of persecution; (2) that is on account of one of the statutorily-protected grounds; and (3) is committed by the government or forces the government is either unable or unwilling to control," *id.* at 877–78 (quoting *Afriyie v. Holder*, 613 F.3d 924, 931 (9th Cir. 2010)). Here, the record compels the conclusion that Guatemalan authorities would be unable or unwilling to control Calmo-Aguilar's persecutors.

Our decision is controlled by *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1073–74 (9th Cir. 2017) (en banc), where we held that the petitioner was not required to report the abuse he suffered as a child on account of his sexual orientation because doing so would have been futile and dangerous. We also held

2

that the evidence compelled the conclusion that the government was unable or unwilling to control the petitioner's persecutors. *Id.* at 1073–75.

Calmo-Aguilar put forward similar evidence. She testified about a woman whose experience suggested the police would not protect women, let alone homosexual women, from sexual assault.[1] Calmo-Aguilar also feared that she would be raped or killed if returned to her native country; indeed, she experienced community-wide harassment, including death threats and sexual assault, as a young teen when others learned of her sexual orientation. She did not go to the police out of fear that they would not protect her and "would do something to [her]," which she based on her knowledge of the other woman's experience, Guatemala's intolerance of homosexuality, and the absence of laws protecting homosexuals—the latter two of which were not present in *Bringas-Rodriguez*. *Id.* at 1075 (noting "increasing social acceptance of homosexuals" in Mexico and that same-sex marriage had been legalized in some areas). Finally, Calmo-Aguilar

---

[1] The woman whose experience Calmo-Aguilar testified about was heterosexual, whereas the friends in *Bringas-Rodriguez* were homosexual. However, as Calmo-Aguilar notes, if police were unwilling to protect a heterosexual woman from mistreatment, they may have been even less inclined to protect a homosexual woman, given the general attitude of the community toward homosexual individuals. *Cf. Bringas-Rodriguez*, 850 F.3d at 1070 (stating that it would be an erroneous assumption that "where government authorities are able and willing to protect heterosexual children, they will be equally able and willing to protect children who exhibit a different sexual orientation or are 'different' in other ways").

offered country conditions evidence comparable to that of *Bringas-Rodriguez*. Therefore, in light of *Bringas-Rodriguez*, the record compels the conclusion that Calmo-Aguilar need not have reported her assaults and that Guatemalan authorities would be unable or unwilling to control her persecutors.

2.      The BIA denied Calmo-Aguilar's CAT claim on the ground that she failed to show that the Guatemalan government would torture her or acquiesce in any torture committed by third parties. *See Madrigal v. Holder*, 716 F.3d 499, 508 (9th Cir. 2013) (a CAT applicant must show "that a public official would inflict, instigate, consent to or acquiesce in" torture). Because this aspect of the CAT claim relies on the same evidence that underlies the analysis of whether Calmo-Aguilar would suffer persecution committed by the government or forces the government is either unable or unwilling to control, we also grant the petition as to this claim. *See, e.g.*, *Bringas-Rodriguez*, 850 F.3d at 1076 (remanding "for consideration of [petitioner's] withholding of removal and CAT claims" after determining petitioner suffered past persecution).

**PETITION FOR REVIEW GRANTED; REMANDED.**